# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| MICHAEL J. MORGAN, | ) |
|     *Plaintiff*, | ) Case No. 1:19-cv-22 |
| v. | ) Judge Travis R. McDonough |
| | ) Magistrate Judge Susan K. Lee |
| HIWASSEE MENTAL HEALTH, HEATHER CONNER, STATE OF TENNESSEE, and MCMINN COUNTY, | ) |
|     *Defendants*. | ) |

## MEMORANDUM OPINION

Plaintiff, a prisoner proceeding *pro se*, brings this action under 42 U.S.C. § 1983. The matter is now before the Court for the required screening of Plaintiff's complaint pursuant to the Prisoner Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will be **DISMISSED** as the complaint fails to state a claim upon which relief may be granted under § 1983.

### I. SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule

12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff states that his claim is "mental" and that a court and his lawyer coerced him to plead no contest because he would not plead guilty, but Plaintiff did not understand the charge to which he was pleading or the related papers. (Doc. 2, at 3–4.) Plaintiff further states that he has "mental problems," was proven incompetent with no psychologist in court to help him, and was "given proba[t]ion and mental health court," for which the court ordered him to go to Defendant Hiwassee Mental Health ("Hiwassee"). (*Id.*) At Hiwassee, Plaintiff told Defendant Conner that he was innocent and coerced, as well as his personal problems that he needed to work through, including witnessing his dad's suicide. (*Id.* at 4.) Defendant Conner, however, wanted Plaintiff to take medications that Plaintiff did not want to take and told Plaintiff to get over his dad's suicide. (*Id.*)

Also, after Defendant Conner told mental health court Judge Freiburg what Plaintiff had told her, Judge Freiburg told Plaintiff that he was tired of Plaintiff telling Defendant Conner that

he is innocent, that Plaintiff needed to get over his dad's suicide, and that Plaintiff needed to take the medications he was offered in Hiwassee or he would violate probation. (*Id.*) Plaintiff states that he is mentally traumatized and alone and does not need drugs, but rather mental help. (*Id.*)

Plaintiff also states that he did not tear up an ATM or steal a back hoe, but instead was at the wrong place at the wrong time, does not have a car and cannot drive because of his seizures, and rides a bicycle or the "sethra bus." (*Id.*)

As relief, Plaintiff seeks retraining of all staff involved and monetary damages for his mental suffering and mental scarring. (*Id.* at 5.)

### III. ANALYSIS

First, to the extent that Plaintiff seeks relief based upon his allegations regarding a conviction that resulted from a coerced guilty plea, those allegations fail to state a claim upon which relief may be granted under § 1983. Specifically, in *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that if a judgment for plaintiff necessarily implies the invalidity of an underlying criminal conviction, the action must be dismissed unless the plaintiff can show the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Plaintiff has not set forth any facts from which the Court can plausibly infer that any underlying conviction has been reversed or otherwise invalidated. As such, to the extent that Plaintiff seeks relief from his underlying conviction based upon the allegations in the complaint, those allegations fail to state a claim upon which relief may be granted under § 1983.

Further, to the extent that Plaintiff seeks to hold Hiwassee and/or Defendant Conner liable under § 1983 because Defendant Conner wanted Plaintiff to take medications to assist him with his mental health issues and told Plaintiff that he needed to "get over" his dad's suicide, he

3

has not set forth facts from which the Court can plausibly infer that these acts amounted to deliberate indifference to Plaintiff's serious medical needs.[1] A prison authority's deliberate indifference to an inmate's serious medical needs, including his mental health, violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison medical personnel or officials may be deliberately indifferent to a prisoner's serious medical needs "in their response to a prisoner's needs" or by "interfer[ing] with treatment once prescribed." *Estelle,* 429 U.S. at 104–5. Establishing the deprivation of a federal right in the Eighth Amendment medical context requires evidence that the acts or omissions of an individual operating under the color of state law were "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical-malpractice claim, which is not cognizable under § 1983." *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017) (citing *Estelle v. Gamble*, 429 U.S. 97, 107(1976)).

Plaintiff has not provided the context of Defendant Conner's statement that he should "get over" his father's suicide, nor has he set forth factual allegations from which the Court can plausibly infer that Defendant Conner deliberately did not provide Plaintiff with mental health treatment or interfered with Plaintiff's mental health treatment. While the Court understands that telling an individual with mental health problems that he needs to "get over" a trauma such as

---

[1] Also, to the extent that Plaintiff seeks to hold Defendant Conner liable for a violation of the Health Insurance Portability and Accountability Act (HIPAA) based upon the allegation that she told Judge Freiburg confidential information about Plaintiff's mental health treatment, Plaintiff has no private right of action for such a claim. Rather, Plaintiff must pursue any such HIPAA violation by lodging a written complaint with the Secretary of Health and Human Services. *See* 45 C.F.R. § 160.306; *Johnson v. Kuehne & Nagel Inc.*, No. 11–cv–02317–STA–cgc, 2012 WL 1022939, at *5 (W.D. Tenn. Mar. 26, 2012) (holding that a plaintiff may not attempt to enforce HIPAA privately because the "only redress for an alleged [HIPAA] violation is to lodge a written complaint with the Secretary of Health and Human Services").

witnessing a loved one's suicide may be harsh, this statement, standing alone, is insufficient to allow the Court to plausibly infer that Defendant Conner was deliberately indifferent to Plaintiff's need for mental health treatment.  Moreover, allegations of verbal abuse and/or harassment, no matter how repugnant, are insufficient to state a claim for violation of constitutional rights.  *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *see also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that allegations of harassment and verbal abuse are insufficient to assert a claim under the Eighth Amendment). Further, the fact that Plaintiff disagreed with Defendant Conner's statement that Plaintiff should take medications as part of his mental health treatment is insufficient to state a claim upon which relief may be granted under § 1983.  *See Darrah*, 865 F.3d at 372.  Accordingly, Plaintiff's allegations regarding Defendant Conner and his mental health treatment likewise fail to state a claim upon which relief may be granted under § 1983 as to any Defendant.

## IV. CONCLUSION

For the reasons set forth above:

1. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

2. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**